IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>        Plaintiff,    )<br>vs.    )<br>    )<br>JARVIS DUPREE ROSS,    )<br>        Defendant.    ) | <br><br>No. 3:08-CV-167-B (BH)<br><br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the order of reference dated July 25, 2014, before the Court is the defendant's *Request of Temporary Reprieval of Monetary Payment Schedule,* received on July 24, 2014 (doc. 580). Based on the relevant filings and applicable law, the motion should be **DENIED**.

Jarvis Dupree Ross (Defendant) states he is employed at UNICOR at the federal prison facility in Beaumont, Texas.[1] Fifty percent of his monthly pay is applied to his restitution balance, and the average payment is approximately $100 per month.[2] Defendant states he is pursuing post-conviction remedies, and he would like to pay $500 for assistance from a paralegal service. He seeks an adjustment of the payment schedule pursuant to 18 U.S.C. § 3664(k) to grant him a six-month reprieve from making restitution payments so he may pay for the paralegal service.

Section 3664(k) provides that upon notification of a material change in a defendant's economic circumstances, the court may adjust a court-ordered payment schedule for restitution. *See United States v. Diggs*, 578 F.3d 318, 319 (5th Cir.2009). Here, the restitution order in the judgment does not set out a payment schedule for the time that Defendant is in prison. There is currently no

---

[1] UNICOR, or Federal Prison Industries, is a government corporation that utilizes inmate labor to produce goods and services. *Driggers v. Cruz*, 740 F.3d 333, 335 n.1 (5th Cir. 2014).

[2] The amended judgment of conviction ordered Defendant to pay restitution in the amount of $109,976, payable immediately with any remaining balance to be paid during incarceration. (*See* doc. 491, at 7-8.) If there is any unpaid balance at the commencement of a term of supervised release, Defendant shall make monthly payments of $50 beginning sixty days after release from imprisonment. *Id.*

court-ordered payment schedule that may be adjusted as Defendant requests.

It appears that Defendant is referring to scheduled restitution payments under the Inmate Financial Responsibility Program ("IFRP"). *See* 28 C.F.R. §§ 545.10 - .11 (2014). Under the IFRP, an inmate may earn money, such as from UNICOR, from which the inmate makes payments toward his financial obligations, such as restitution. *Driggers v. Cruz*, 740 F.3d 222, 225 (5th Cir. 2014); 28 C.F.R. § 545.11. Section 3664(k) does not permit a court to adjust a payment schedule under the IFRP. *Diggs*, 578 F.3d at 319. An inmate may only challenge a payment schedule under the IFRP by filing a petition under 28 U.S.C. § 2241 in the district of incarceration. *Id*. Because Defendant's motion does not contend that any aspect of his payments under the IFRP violates the United States Constitution or federal law, it may not be liberally construed as a § 2241 petition that should be transferred to the district of incarceration.

Defendant's *Request of Temporary Reprieval of Monetary Payment Schedule* should be **DENIED**.

**SIGNED this 5th day of August, 2014.**

                                                IRMA CARRILLO RAMIREZ
                                                UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE