UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:08-CR-0167-B-3 |
| | § | |
| JARVIS DUPREE ROSS. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Jarvis Dupree Ross's Motion under First Step Act for Stacked 924(c) Relief (Doc. 658). In sum, the Court **DENIES** the motion to the extent Ross seeks a reduction in sentence. Further, the Court finds Ross's request for counsel in the motion **MOOT**.

## I.

## BACKGROUND

On November 19, 2008, Jarvis Dupree Ross was charged with numerous counts of robbery-related offenses. *See generally* Doc. 97, Superseding Indictment. Subsequently, a jury convicted him of most of these charges, including charges for using a firearm in relation to a crime of violence—violations of 18 U.S.C. § 924(c). *See, e.g.*, Doc. 238, Jury Verdict, 3–4. Thereafter, the Court sentenced Ross to a term of 3,960 months of imprisonment and five years of supervised release. Doc. 322, J., 2, 5. Ross is currently incarcerated at Lee United States Penitentiary with a scheduled release date of January 25, 2252.[1]

On June 30, 2020, Ross filed two motions with the Court. One is a motion for the appointment of counsel, which the Court has referred to the magistrate judge for determination. *See*

---

[1] The Court accessed this information by searching for Ross on the Bureau of Prisons' Inmate Locator, available at https://www.bop.gov/inmateloc/.

-1-

Doc. 659, Mot. Requesting Assistance of Counsel; Doc. 660, Electronic Order. The other, which also includes a request for counsel, is a motion for relief under 18 U.S.C. § 3582(c)(1)(a)(i) based on the First Step Act's amendment of 18 U.S.C. § 924(c). *See* Doc. 658, Def.'s Mot., 1. This Order addresses the latter motion.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons (BOP)] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)) (footnote omitted). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

Below, the Court addresses Ross's request for relief based on the First Step Act's amendment of § 924(c). Thereafter, the Court turns to the request in Ross's motion for the appointment of counsel.

A. *Ross is Not Entitled to a Reduction in Sentence Based on the First Step Act's Amendment to Sentencing for § 924(c) Offenses.*

Ross moves for relief under § 3582(c)(1)(A)(i), asserting that the First Step Act's

-2-

amendment to sentences imposed for § 924(c) offenses constitutes "extraordinary and compelling circumstances." Doc. 658, Def.'s Mot., 1.

As detailed below, the Court denies Ross's motion for two reasons. First, this change in law is not an extraordinary circumstance entitling Ross to relief under § 3582(c)(1)(A)(i). Second, the Court appears to lack another jurisdictional basis for considering Ross's sentence reduction. And even if the Court had jurisdiction, the First Step Act amendment upon which Ross relies does not apply retroactively. Accordingly, the Court denies Ross's motion insofar as he seeks a reduction in sentence.

    1.    <u>The passage of the First Step Act is not an extraordinary and compelling reason for a reduction in sentence.</u>

Under § 3582(c)(1)(A)(i), the Court may "modify a term of imprisonment" if the defendant has exhausted all BOP remedies and "extraordinary and compelling reasons warrant such a reduction[.]" The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) & cmt. 1.[2]

Exercising its discretion to apply the policy statement here,[3] the Court concludes that the

---

[2] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. 1. Additionally, to qualify for a sentence reduction, the defendant must not pose a danger to the community. § 1B1.13(2).

[3] Though the policy statement is not necessarily dispositive, *see United States v. Delgado*, 2020 WL 2542624, at *2 n.1 (N.D. Tex. May 19, 2020) the Court finds it useful here.

passage of the First Step Act does not constitute an extraordinary and compelling reason for a sentence reduction. Rather, relief under § 3582(c)(1)(A)(i) is primarily premised upon a change in a defendant's personal circumstances. *See* § 1B1.13(1)(A) cmt. 1. Further, though the Court recognizes that it is not strictly confined to the parameters of § 1B1.13 in determining the propriety of compassionate release, *see Delgado*, 2020 WL 2542624, at *2 n.1, a change in law alone does not rise to the level of extraordinary and compelling circumstances. If the Court were to hold otherwise, "every inmate who might receive a reduced sentence today would be eligible for compassionate release . . . ." *United States v. Cisneros*, 2020 WL 3065103, at *3 (D. Haw. June 9, 2020). And Ross's motion does not offer any other extraordinary and compelling reasons for release. *See generally* Doc. 658, Def.'s Mot., 1–2. Thus, Ross's reliance on § 3582(c)(1)(A)(i) is misplaced, and the Court **DENIES** Ross's motion insofar as he seeks relief under § 3582(c)(1)(A)(i).[4]

    2.    <u>The Court lacks another basis for jurisdiction over Ross's request, but even if the Court had jurisdiction, Ross is not entitled to a sentence reduction.</u>

Considering Ross's motion independent of § 3582(c)(1)(A)(i), the Court appears to lack jurisdiction. "Because [Ross's] motion was not filed by the government or made within 14 days of sentencing, it cannot be construed as a request for Rule 35 sentence correction or reduction." *United States v. Cheek*, 2019 WL 2075583, at *1 (N.D. Tex. May 10, 2019) (citing, *inter alia*, Fed. R. Crim. P. 35). And the Court has not discovered an alternative basis for jurisdiction. *See id.* at *2 (analyzing a defendant's request for sentence reduction based on an amendment under the First Step Act and

---

[4] Because Ross has not provided extraordinary circumstances, the Court need not delve into Ross's failure to exhaust his BOP remedies or the application of the § 3553 factors. *See* § 3582(c)(1)(A). But based on Ross's two-page motion, the Court concludes Ross has not exhausted his BOP remedies or shown that he will not be a danger to the community. *See id.*; *see also* § 3553(a)(2)(C).

concluding that the court lacked jurisdiction).

But irrespective of jurisdiction, the First Step Act's amendment to § 924(c) sentencing does not entitle Ross to a sentence reduction. In his motion, Ross explains that "as part of the First Step Act, Congress <u>eliminated</u> the consecutive stacking that was required" for sentences imposed based on § 924(c) convictions. Doc. 658, Def.'s Mot., 2 (emphasis in original). Due to this change in law, Ross asserts that he "is entitled to relief . . . ." *Id.*

While Ross is correct that the First Step Act altered the application of mandatory minimum sentences for § 924(c) convictions, this amendment does not apply retroactively so as to affect his sentence. Specifically, § 403 of the First Step Act "amended 18 U.S.C. § 924(c)(1)(C)(i), the provision that imposes a 25-year minimum sentence for repeat firearm offenders, to reduce the severity of 'stacked' charges." *United States v. Gomez*, 960 F.3d 173, 176 (5th Cir. 2020). Under the amendment, "the 25-year repeat-offender minimum no longer applies where a defendant is charged simultaneously with multiple § 924(c)(1) offenses." *Id.* at 176–77. Rather, "[n]ow, to trigger the 25-year minimum, the defendant must have been convicted of a § 924(c)(1) offense in a prior, separate prosecution." *Id.* at 177 (citation omitted).

This amendment, however, does not apply retroactively. *See id.* Instead, the amendment "appl[ies] to any offense that was committed before the date of enactment of [the First Step Act], if a sentence for the offense has not been imposed as of such date of enactment." First Step Act, 115th Cong. § 403(b) (2018); *see United States v. Davis*, 139 S. Ct. 2319, 2324 n.1 (2019) (explaining that § 403 of the First Step Act "changed the law . . . going forward") (citation omitted). Because the First Step Act was enacted in 2018, and Ross was sentenced in 2010, *see* Doc. 322, J., 1, § 403 does not affect his sentence. Thus, even assuming the Court has jurisdiction over Ross's

motion independent of § 3582(c)(1)(A)(i), the Court **DENIES** Ross's motion.

B.     *To the Extent Ross Seeks Appointment of Counsel, this Request is Moot.*

Finally, the Court notes that Ross's motion includes a request for counsel. Doc. 658, Def.'s Mot., 2. However, on the same day that Ross filed the motion at hand, Ross also filed a separate motion seeking counsel, which the Court has referred to the magistrate judge for determination. *See* Doc. 659, Mot. Requesting Assistance of Counsel; Doc. 660, Electronic Order. Because Ross already has a motion for counsel pending with the Court, the Court concludes Ross's request for counsel in the motion at issue here is **MOOT**.

## IV.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Ross's motion (Doc. 658) insofar as he seeks a sentence reduction. And to the extent Ross seeks appointment of counsel in this motion, the Court finds this request **MOOT**.

**SO ORDERED.**

**SIGNED: July 14, 2020.**

*[signature]*
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE