**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | No. 3:08-CR-167-B(3) |
| ) | |
| **JARVIS DUPREE ROSS,** ) | |
| Defendant. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By order of reference filed July 1, 2020 (doc. 660), before the Court is the defendant's *Motion Requesting Assistance of Counsel*, received on June 30, 2020 (doc. 659). The motion should be construed as a successive motion to vacate under 28 U.S.C. § 2255, filed in a new case, and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

**I. BACKGROUND**

On November 19, 2008, Jarvis Dupree Ross (Defendant) and others were charged by superseding indictment with conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 (Counts One, Fourteen, Fifteen, Sixteen, Twenty, Twenty-four, Twenty-eight, and Thirty-six); bank robbery in violation of 18 U.S.C. § 2113 (a), (d) and § 2 (Counts Twenty-two, Twenty-six, Thirty, and Thirty-eight); attempted bank robbery in violation of 18 U.S.C. §§ 2113 (a) and (d) and 18 U.S.C. § 2 (Counts Three and Eighteen); kidnapping in violation of 18 U.S.C. § 1201(a)(1) (Count Twelve); using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i), (C)(i) (Counts Two, Four, Thirteen, Seventeen, Nineteen, Twenty-one, Twenty-three, Twenty-five, Twenty-seven, Twenty-nine, Thirty-one, Thirty-seven, and Thirty-nine); and felon in possession of a firearm in

violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Counts Seven, Forty-two). (*See* doc. 97.)[1] Defendant pled not guilty and was tried before a jury with several co-defendants. (*See* doc. 238.) Defendant was convicted of Counts One through Four, Seven, Twelve through Thirty-one, Thirty-six through Thirty-nine, and Forty-two. (*See id.*) Following an appeal reversing his convictions for Counts Three, Four, Eighteen, and Nineteen, Defendant was resentenced by amended judgment to a total term of 3,425 months' imprisonment to be followed by a 5-year term of supervised release. (*See* docs. 456, 461, 491.) The amended judgment was affirmed. *United States v. Ross*, 582 F. App'x 528 (5th Cir. 2014).

On October 5, 2015, Defendant filed a motion to vacate sentence under 28 U.S.C. § 2255 challenging his conviction and sentence. (*See* No. 3:15-CV-3233-B, doc. 2.) It was denied on August 3, 2017. (*See id.*, doc. 10.) Defendant's second motion to vacate sentence under § 2255, filed on March 8, 2019, was transferred to the United States Court of Appeals for the Fifth Circuit for authorization to file a successive § 2255 motion. (*See* No. 3:19-CV-586-B-BH, docs. 2, 4, 5.) The Fifth Circuit dismissed the authorization to file a successive § 2255 motion on May 13, 2019 for failure to comply with a court order. (*See id.* doc. 6.)

In his motion for appointment of counsel in the criminal action, Defendant now contends that 18 U.S.C. § 924(c), one of the statutes under which he was convicted, is unconstitutional in light of *United States v. Davis*, --- U.S. ----, 139 S.Ct. 2319 (2019). (*See* doc. 659.)

## II. NATURE OF SUIT

Although Defendant expressly moves for the appointment of counsel, he expressly claims that his §924(c) convictions and sentences are unlawful under *Davis* and cannot be upheld. The

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the current action, 3:08-CR-167-B(3).

primary means of collaterally attacking a federal sentence is under 28 U.S.C. § 2255. *Cox v. Warden, Federal Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990). "Relief under this section is warranted for any error that 'occurred at or prior to sentencing.'" *Id.* (quoting *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)). Because Defendant's motion specifically challenges his convictions under § 924(c) based on a new rule of constitutional law, it is properly construed as a new successive habeas petition under § 2255 rather than as a motion for appointment of counsel.[2] *See United States v. Flores*, 380 F. App'x 371, 372 (5th Cir. 2010) (per curiam) (instructing "district courts to determine the true nature of a pleading by its substance, not its label." (citations omitted)).

### III. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for their jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Under 28 U.S.C. § 2255(h), a district court lacks jurisdiction over a successive § 2255 motion unless it was first authorized by a United States Court of Appeals. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). A subsequent § 2255 motion is considered successive

---

[2] To the extent that a ruling on the motion for the appointment of counsel is necessary, the motion is denied. Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Court provides for the appointment of counsel "[i]f an evidentiary hearing is required." It also provides that appointment of counsel is not limited "at any stage of the case if the interest of justice so requires." As discussed below, because it is being recommended that the motion be construed as a successive § 2255 motion and transferred to the Fifth Circuit, no evidentiary hearing is required. Nor does the interest of justice require appointment at this stage.

when it: "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).  Under *Orozco-Ramirez*, the inmate seeking habeas relief is required to present all available claims related to his conviction or sentence in his first § 2255 motion.  *See id.* At 870-71.  This "requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court."  *Id.* (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

      Here, Defendant's filing challenges the same convictions as in his prior motions to vacate. The Fifth Circuit has noted that "[l]ater habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244." *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009).  "In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error—when the error arises after the underlying conviction—tend to be deemed non-successive." *Id.*  Although he relies on a new rule of constitutional law, Defendant's current challenge to his conviction is successive within the meaning of § 2255. *See United States v. Hill*, 623 F. App'x 200, 201 (5th Cir. 2015) (per curiam) (holding that a § 2255 motion that relied on two Supreme Court decisions that were announced after the movant was sentenced was nevertheless successive because the "alleged defects and the facts necessary to support the claims were known to [the inmate] at trial and sentencing and prior to when he filed his initial § 2255 motion.").

      When a motion to vacate is second or successive, the movant must seek an order from the

4

Fifth Circuit that authorizes this Court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." 28 U.S.C. § 2244(b)(3)(C); *see also* 28 U.S.C. § 2255(h). To present a claim in a second or successive § 2255 application that was not presented in a prior application, the application must show that it is based on: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Because the Fifth Circuit has not issued an order authorizing this Court to consider a successive § 2255 motion, it lacks jurisdiction to consider Defendant's construed new § 2255 motion, and it is subject to dismissal. *See Fulton*, 780 F.3d at 686. "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *Id.* Here, the motion should be transferred.

### IV.  RECOMMENDATION

Defendant's *Motion Requesting Assistance of Counsel* should be construed as a motion to vacate filed under 28 U.S.C. § 2255 and the Clerk of the Court should be **DIRECTED** to: (1) terminate the motion in this criminal case; (2) open a new § 2255 habeas case; (3) docket the motion as a § 2255 motion filed June 30, 2020, in that new case; (4) directly assign the new case to the same District Judge and Magistrate Judge as in this case; (5) file a copy of these Findings, Conclusions, and Recommendation of the United States Magistrate Judge and any order accepting those Findings,

Conclusions, and Recommendation in that new case; and (6) without further judicial action, immediately **TRANSFER** the newly opened § 2255 action to the United States Court of Appeals for the Fifth Circuit under *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 31st day of July, 2020.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE